UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAZARO & MIREYA SARDINAS,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF THE TREASURY TIMOTHY GEITHNER, et al.,<br><br>Defendants. | 2:10-CV-501 JCM (RJJ) |

**ORDER**

Presently before the court is defendant BAC Home Loans Servicing LP's ("hereinafter BAC") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #20). Plaintiffs Lazaro and Mireya Sardinas filed a response to BAC's motion to dismiss on May 31, 2010. (Doc. #24). BAC filed a reply to the response on June 10, 2010. (Doc. #29).

Plaintiffs filed their complaint in the United States District Court for the District of Nevada on April 8, 2010. Plaintiffs' claims for relief stem from the foreclosure of their home (Doc. #1). Plaintiffs allege seven claims against BAC for: (1) deceptive trade practices/fraud, (2) negligent misrepresentations, (3) violation of the Real Estate Settlement Procedures Act (12 U.S.C. § 2605), (4) violation of the Truth in Lending Act (15 U.S.C. § 1607), (5) violation of the Telephone Consumer Protection Act (47 U.S.C. § 227), (6) wrongful foreclosure and, (7) slander of title.

Plaintiffs' claims stem from the foreclosure of their property at 3139 Twilight Hills Avenue, Henderson, NV 89052. Plaintiffs executed a deed of trust on December 20, 2007, naming Taylor, Bean & Whitaker Mortgage Corp. as the lender, First American Title Insurances as the trustee, and

**James C. Mahan**
**U.S. District Judge**

1  MERS as the beneficiary. Plaintiffs last paid an installment on their loan in November, 2008. Trustee
2  Corp. recorded a notice of trustee's sale on the property on July 30, 2009. The property has yet to
3  be sold.

4  Defendant BAC now seeks to dismiss plaintiffs' complaint for failure to state a claim upon
5  which relief can be granted. Fed R. Civ. P. 12(b)(6).  A complaint may be dismissed as a matter of
6  law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory.
7  *Robertson v. Dean Witter Reynolds, Inc*. 749 F.2d 530, 534 (9th Cir. 1984). Additionally, a
8  complaint's factual allegations must be sufficient "to raise the right to relief above a speculative
9  level." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007).

10  Plaintiffs fail to plead with sufficient particularity their first claim of deceptive trade
11  practices/fraud against BAC. This claim, therefore, must be dismissed as a matter of law. According
12  to Nevada state law, a claim of deceptive trade practice requires one to  knowingly make a false
13  representation in a transaction. Nev. Rev. Stat. § 598.0915(15). Furthermore, the Ninth Circuit has
14  held that allegations of fraud must be pled with particularity as to the "time, place, and content of
15  an alleged misrepresentation." *Yourish v. Cal. Amplifier*, 191 F.3d 939, 993 (9th Cir. 1999); *see also*
16  Fed. R. Civ. P. 9(b).  Plaintiffs fail to plead with sufficient particularity regarding time, place,
17  identity of parties, and nature of fraud, in their complaint. (Compl. ¶¶ 204, 239).

18  Plaintiffs' second claim of negligent misrepresentation against BAC fails as a matter of law.
19  The elements of a negligent misrepresentation claim are: (1) a false representation, (2) in the course
20  of the defendants' business, (3) for the guidance of others in their business transactions (4) that
21  plaintiff justifiably relies on, (5) resulting in pecuniary loss and, (6) that the defendant failed to
22  exercise reasonable care in obtaining or communicating the information. *G.K. Las Vegas Ltd. P'ship*
23  *v. Siomon Prop. Group, Inc.*, 460 F.Supp.2d 1246, 1262 (D. Nev. 2006). Plaintiffs merely set forth
24  general assertions and fail to comply with the heightened pleading standard for allegations of fraud.
25  Fed. R Civ. P. 9(b). Plaintiffs fail to set forth facts showing that the defendant made false
26  representations, and that such representations were made without the exercise of reasonable care.
27  Most importantly, plaintiffs merely allege, in conclusory fashion, that purported negligent
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  misrepresentation resulted in pecuniary loss.

2  Plaintiffs' third claim against BAC for violation of the Truth in Lending Act must fail as a matter of law. Substantively, BAC is not liable under the Truth in Lending Act. Although the Truth in Lending Act provides a cause of action against assignees of a loan in limited circumstances, BAC is not an assignee within the meaning of the Truth in Lending Act. Plaintiffs acknowledge that Ginnie Mae is the owner of their loan, and the Truth in Lending Act specifies that loan servicers such as BAC are not to be treated as assignees unless they own the obligation. 15 U.S.C. § 1641(f)(1); (Compl. ¶ 166).

Moreover, to rescind a loan, the borrower must tender or explain how she can tender. The complaint does not include such a tender or suggestion. Therefore, even if plaintiffs could point to a substantive Truth in Lending Act violation, plaintiffs have not shown they can comply with their obligation to return the loan proceeds. Finally, plaintiffs' right to rescind will not be established unless the right to rescind is adjudicated in the borrowers' favor. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003); *see also* 15 U.S.C. § 1635(b). Although BAC is not the owner of the loan, if it were, it could not be liable for damages until the rescission is given effect as a matter of law.

Plaintiffs' claim against BAC for violation of the Truth in Lending Act is also time barred by the statute of limitations. The statute of limitations for a Truth in Lending Act claim is one year from the occurrence of the alleged violation. 15 U.S.C. § 1640. Plaintiffs filed this complaint in April 2010. Plaintiffs' loan closed in December 2007. Therefore, the statute of limitations expired in December, 2008. (Compl.¶ 50).

Plaintiffs furthermore cannot invoke the equitable tolling doctrine. In the Ninth Circuit, the plaintiffs may invoke the equitable tolling of the statue of limitations if they can establish conduct that prevented the timely discovery of the claim. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Here there is no conduct that would have prevented plaintiffs from discovering the alleged Truth in Lending Act Violations, and therefore the statute of limitations has run.

Plaintiffs' fourth claim that BAC violated the Real Estate Settlement Procedures Act (12

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  U.S.C. § 2605) should be dismissed. In order for plaintiffs to succeed on this claim, plaintiffs must
2  prove that BAC failed to respond to plaintiffs' qualified written request ("QWR"), within statutorily
3  provided deadlines. Plaintiffs' request must (1) be in writing (2) with sufficient identification fo the
4  borrower's name and account (3) relate to the servicing of the loan and, (4) include a statement of
5  the reasons for borrower's belief that his account is in error or provide sufficient details regarding
6  other information sought. 12 U.S.C. § 2605(e)(1). Plaintiffs' letter did not include a statement
7  outlining why plaintiffs believed the account was in error, nor did the letter relate to "servicing" of
8  the loan. Plaintiffs requested to "resolve our issues," but did not describe what issues need to be
9  resolved. Therefore, this letter did not even qualify as a QWR, and the claim fails as a matter of law.

10  However, even assuming the letter qualified as a QWR, plaintiffs have not alleged damages,
11  and therefore the claim also fails. Actual damages are available under the Real Estate Settlement
12  Procedures Act but "a plaintiff must, at a minimum allege that the breach resulted in actual
13  damages." *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 382-83 (D. N.J. 2006); *see*
14  12 U.S.C. § 2605(f)(1). Plaintiffs do not allege that the lack of response to the QWR had anything
15  to do with the result of their default--the trustee's sale. This is underscored by the fact that had this
16  been a proper QWR, a response would not have been due until after the notice of sale was issued.

17  Plaintiffs' fifth claim that BAC violated the Telephone Consumer Protection Act (47 U.S.C.
18  § 227) must be dismissed. The Telephone Consumer Protection Act prohibits a business from
19  initiating a call to a residential phone line using an artificial or prerecorded voice to deliver a
20  message without express prior consent unless the call is for emergency purposes or exempted by rule
21  or order of the Federal Communications Commission (hereinafter "FCC). BAC does not fit the
22  CFR's definition of a telemarketer. 47 C.F.R. § 64.1200(f)(10). Additionally, the FCC has explained
23  that calls by entities with established business relationships with a consumer are exempt from the
24  Telephone Consumer Protection Act. 7 FCC Rcd. 8752 (1992).

25  Plaintiffs' sixth claim for wrongful foreclosure against BAC should be dismissed. The
26  Nevada Supreme Court has explained that a wrongful foreclosure claim can exist only when the
27  trustor can establish no breach that would have authorized the power of sale under the trust. *Collins*
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

*v. Union Fed. Sav & Loan Ass'n*, 99 Nev. 284, 303, 662 P.2d 610, 623 (1983). Although plaintiffs' complaint states there was no breach of condition or failure of performance on plaintiffs' part to authorize the foreclosure, the plaintiffs admit they are in payment default on the loan (Compl. ¶ 316); (Compl. ¶¶ 141, 147). Failure to pay their mortgage constitutes a material breach by plaintiffs.

Plaintiffs' seventh claim for slander of title fails as a matter of law. In order to succeed on a claim of slander of title, plaintiffs must prove: (1) false and malicious communications, (2) disparaging one's title in land and (3) causing special damages. BAC is not responsible for the alleged communications, because Trustee Corps., not BAC, prepared the trustee's deed upon sale. Even if BAC had some role in the trustee's deed, plaintiffs do not explain what was false in the document. Moreover, plaintiffs do not allege malice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant BAC's motion to dismiss (Doc. #20) be, and the same hereby is, GRANTED in its entirety, without prejudice.

DATED July 6, 2010.

*/s/ James C. Mahan*
_____
UNITED STATES DISTRICT JUDGE