UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAZARO & MIREYA SARDINAS,

Plaintiff,

v.

SECRETARY OF THE TREASURY TIMOTHY GEITHNER, et al.,

Defendants.

2:10-CV-501 JCM (RJJ)

**ORDER**

Presently before the court is defendant Direct Access LLC's (hereinafter "Direct Access") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #17). Plaintiffs Lazaro and Mireya Sardinas filed a response to Direct Access's motion to dismiss on June 10, 2010. (Doc. #30). Direct Access filed a reply to the response on June 18, 2010. (Doc. #31).

Plaintiffs filed their complaint in the United States District Court for the District of Nevada on April 8, 2010. Plaintiffs' claims for relief stem from the foreclosure of their home (Doc. #1). Plaintiffs allege six claims against Direct Access for: (1) deceptive trade practices/fraud, (2) negligent misrepresentation, (3) violation of the Truth in Lending Act (15 U.S.C. § 1607), (4) violation of the Real Estate Settlement Procedures Act (12 U.S.C. § 2607), (5) violation of the Equal Credit Opportunity Act (15 U.S.C. § 1691), and (6) violation of the Fair Housing Act (42 U.S.C. § 3601).

Plaintiffs' claims stem from the foreclosure of their property at 3139 Twilight Hills Avenue, Henderson, NV 89052. Plaintiffs executed a deed of trust on December 20, 2007, naming Taylor,

**James C. Mahan**
**U.S. District Judge**

Bean & Whitaker Mortgage Corp. as the lender, First American Title Insurances as the trustee, and MERS as the beneficiary. Plaintiffs last paid an installment on their loan in November, 2008. Trustee Corp. recorded a notice of trustee's sale on the property on July 30, 2009. The property has yet to be sold.

Defendant Direct Access now seeks to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.* 749 F.2d 530, 534 (9th Cir. 1984). Additionally, a complaint's factual allegations must be sufficient "to raise the right to relief above a speculative level." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs fail to plead with sufficient particularity their first claim of deceptive trade practices/fraud against Direct Access. This claim, therefore, must be dismissed as a matter of law. According to Nevada state law, a claim of deceptive trade practice requires one to knowingly make a false representation in a transaction. Nev. Rev. Stat. § 598.0915(15). Moreover, the Ninth Circuit has held that allegations of fraud must be pled with particularity as to the "time, place, and content of an alleged misrepresentation." *Yourish v. Cal. Amplifier*, 191 F.3d 939, 993 (9th Cir. 1999); *see also* Fed. R. Civ. P. 9(b). Plaintiffs fail to plead with sufficient particularity regarding time, place, identity of parties, or nature of fraud, in their complaint. (Compl. ¶¶ 204, 239).

Plaintiffs' second claim of negligent misrepresentation against Direct Access, also fails as a matter of law. The elements of a negligent misrepresentation claim are: (1) a false representation, (2) in the course of the defendants' business, (3) for the guidance of others in their business transactions, (4) that plaintiff justifiably relies on, (5) resulting in pecuniary loss, and (6) that the defendant failed to exercise reasonable care in obtaining or communicating the information. *G.K. Las Vegas Ltd. P'ship v. Siomon Prop. Group, Inc.*, 460 F.Supp.2d 1246, 1262 (D. Nev. 2006). Plaintiffs merely set forth general assertions and fail to comply with the heightened pleading standard for allegations of fraud. Fed. R Civ. P. 9(b). Plaintiffs fail to set forth facts showing that the defendant made false representations, and that such representations were made without the exercise

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  of reasonable care. Most importantly, plaintiffs merely allege, in conclusory fashion, that purported
2  negligent misrepresentation resulted in pecuniary loss.       Plaintiffs' third claim that Direct Access
3  violated the Truth in Lending Act must fail as a matter of law. Plaintiffs claim that Direct Access
4  violated the Truth in Lending Act when Direct Access subjected plaintiffs to fees that were not bona
5  fide and reasonable. Plaintiffs also claim that Direct Access failed to deliver proper notice to
6  plaintiffs. The statute of limitations for a Truth in Lending Act claim is one year from the occurrence
7  of the alleged violation. 15 U.S.C. § 1640. Plaintiffs filed this complaint in April 2010. Plaintiffs'
8  loan closed in December 2007. Therefore, the statute of limitations expired in December, 2008.
9  (Compl.¶ 50). This claim is time barred by the statute of limitations.

10  Plaintiffs furthermore cannot invoke the equitable tolling doctrine. In the Ninth Circuit, the
11  plaintiffs may invoke the equitable tolling of the statue of limitations if they can establish conduct
12  that prevented the timely discovery of the claim. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899,
13  902 (9th Cir.).  Here there is no conduct that would have prevented plaintiffs from discovering the
14  alleged Truth in Lending Act Violations, and therefore the statute of limitations has run.

15  Plaintiffs' fourth claim that Direct Access violated the Real Estate Settlement and Procedures
16  Act must be dismissed. Plaintiff refers to the yield spread premiums and fees paid to Direct Access
17  as illegal "kickbacks." However, under the Real Estate Settlement and Procedures Act, such
18  payments are not illegal. 12 U.S.C. § 2607(c). Title 12 United States Code Section 2607(c) explicitly
19  permits payment to any cooperative brokerage. *Id.* Plaintiffs, moreover, had direct knowledge of the
20  exact interest rate received ahead of time, and knew other interest rates were available. Therefore,
21  plaintiffs' claims against Direct Access under the Real Estate Settlement and Procedures Act must
22  fail as a matter of law.

23  Plaintiffs' fifth and sixth claims against Direct Access for violation of the Equal Credit
24  Opportunity Act (15 U.S.C. § 1691) and Fair Housing Act (42 U.S.C. § 3601) must be dismissed.
25  Plaintiffs allege that they were prejudiced in the pricing of their loan by Direct Access because they
26  did not speak English "as well as a white person," and because Direct Access has a pattern and
27  practice of charging minority borrowers more than Caucasian owners. (Compl. ¶ 291); (Doc. #30).
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  The complaint fails to allege how the pricing practice particularly discriminated against Hispanic
2  applicants as opposed to those applicants of any other ethnicity or origin. Additionally, the interest
3  rates are set by the lender, not the mortgage broker. While the plaintiffs detail the pricing elements
4  considered in acquiring a loan, none listed are discriminatory. Furthermore, it is not the responsibility
5  of Direct Access to determine plaintiffs' English proficiency, and plaintiffs do not allege they
6  disclosed such a deficiency to Direct Access. *General Motors v. Jackson*, 111 Nev. 1026, 1031, 900
7  P2d 345, 349 (1995).
8  Accordingly,
9      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Direct Access
10 LLC's motion to dismiss (Doc. #17) be, and the same hereby is, GRANTED in its entirety, without
11 prejudice.
12     DATED July 6, 2010.

                                    _____
                                    **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -