# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAZARO & MIREYA SARDINAS,<br><br>                     Plaintiff,<br><br>v.<br><br>SECRETARY OF THE TREASURY TIMOTHY GEITHNER, et al.,<br><br>                     Defendants. | 2:10-CV-501 JCM (RJJ) |

## ORDER

Presently before the court is defendant Michelle Lapadu's ("Lapadu") motion for judgment on the pleadings. (Doc. # 32). To date, plaintiffs Lazaro and Mireyas Sadinas ("plaintiffs") have failed to respond.

Plaintiffs obtained a mortgage refinance loan through co-defendant Direct Access Lending ("DAL") in December of 2007. As part of its underwriting process, DAL submitted an appraisal request to Lapadu to conduct a professional appraisal of the subject property. Accordingly, Lapadu submitted a Uniform Residential Appraisal Report ("appraisal report") to DAL. Thereafter, DAL made a refinance loan to plaintiffs, who then defaulted on their loan less than one year later.

Plaintiffs allege that Lapadu falsified her appraisal report by inflating the value of the property and claim they would have declined the refinancing had they reviewed the subject appraisal. Accordingly, plaintiffs assert claims against Lapadu for (1) deceptive trade practices; (2) fraud in the inducement; and (3) negligent misrepresentation. Lapadu now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." The standard is equivalent to that of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

To survive such a motion, a complaint must be pled in such a fashion as to show the plaintiff's entitlement to relief. This "requires more than labels and conclusions, and formulaic recitation of [a cause of action's elements] will not do." *Bell Atl. Corp. v. Twombly*, 550 US. 544, 555 (2007). Additionally, the plaintiff must detail the circumstances surrounding the alleged fraud with particularity as required under Federal Rule of Civil Procedure 9(b), including allegations establishing the time, place, identify of the parties involved, and the nature of the fraud. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

Local Rule 7-2(b) provides that unless otherwise ordered, responses to motions "shall be filed and served by an opposing party fifteen (15) days after service of the motion." Local Rule 7-2(d) provides that failure to file a response "shall constitute a consent to the granting of the motion." Plaintiffs have not filed a timely response to this motion. However, the court cannot dismiss an action simply because a party violated a local rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). To succeed on this motion unopposed, the moving defendant must still affirmatively show that plaintiffs failed to state a claim upon which relief can be granted. *Id.*

This court finds plaintiffs have failed to assert facts sufficient to give rise to any cognizable fraud or deceptive trade practices claims against Lapadu. First, plaintiffs' fraud-based claims are unsustainable. Plaintiffs allege that Lapadu violated NRS 598.0915(15), which provides that "[a] person engages in a 'deceptive trade practice' if, in the course of his or her business or occupation, he or she [...] knowingly makes any other false representation in a transaction." To plead successfully a claim for relief for fraud, a plaintiff must allege the following six elements:

> (1) Defendant represented to plaintiff an important fact was true;
> (2) defendant's representations were false; (3) defendant knew that
> the representation was false when it was made; (4) at the time the
> representation was made, defendant intended to rely on the

**James C. Mahan**
**U.S. District Judge**

- 2 -

> misrepresentation; (5) plaintiff justifiably relied on defendant's misrepresentation in taking action or refraining from acting; (6) plaintiff was harmed; and such harm resulted from plaintiff's reliance on the intentional misrepresentation of defendant.

*Lubbe v. Barba*, 91 Nev. 596, 600 (1975).

Here, plaintiffs allege Lapadu made false statements to DAL, but fail to demonstrate any false representations running from Lapadu to plaintiffs. The alleged misrepresentations cited in the complaint were made to DAL in the context of Lapadu's appraisal report, which plaintiffs did not review until after closing. Further, the appraisal transaction was between Lapadu and DAL, not plaintiffs. DAL requested the appraisal, and the appraisal identified DAL as the intended user and client.

Further, the complaint fails to establish justifiable reliance with any degree of specificity. Plaintiffs do not state the time, place, or manner of their alleged reliance on Lapadu's representations, but aver that they would have relied on the appraisal report had they received it. There is no accompanying allegation that plaintiffs requested a copy of the appraisal report.

Additionally, defendant's alleged misrepresentations concerning the value of the subject property are not actionable because they were statements of opinion, not fact. An appraisal is "an analysis, opinion, or conclusion [...] relating to the nature, quality, value, or use of a specified interest in, or aspect of, identified real estate for or with the expectation of receiving compensation." NRS 645C.030. "An estimate of value is an opinion as to value upon which reasonable and honorable men may hold differing views." *Clark Sanitation Inc. v. Sun Valley Disposal Co.*, 87 Nev. 338, 341 (1997). Expressions of opinion are not representations of fact, and cannot be the basis for a fraud claim. *Id.* at 341-42. Here, defendant's estimate of the property value was an opinion, and plaintiffs cannot establish that Lapadu misrepresented a material fact.

Plaintiffs' fraud in the inducement claim is also unsustainable. A claim for fraud in the inducement requires a party to prove (1) a false representation; (2) knowledge or belief that the representation was false; (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damages resulting from such reliance. *J.A.*

James C. Mahan
U.S. District Judge

- 3 -

1  *Jones Const. Co. v Lehrer Mcgovern Bovis, Inc.*, 120 Nev. 277, 290 (2004).

2  Here, plaintiffs have not established that Lapadu made false representations to plaintiffs or that defendants intended to induce plaintiffs to consent. Plaintiffs were contractually bound to enter into the loan agreement before they became aware of the appraisal. Had Lapadu intended to induce plaintiffs to rely upon the appraisal report, she could have provided plaintiffs with the appraisal.

Finally, plaintiffs' claim for negligent misrepresentation is deficient. To succeed on a negligent misrepresentation claim, plaintiffs must show (1) a false representation, (2) in the course of the defendant's business, (3) for the guidance of others in their business transactions, (4) that plaintiff justifiably relies on, (5) resulting in pecuniary loss, (6) and that the defendant failed to exercise reasonable care in obtaining or communicating the information. *See Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 447 (1998).

Plaintiffs have failed to set forth with particularity facts supportive of the elements of a negligent misrepresentation claim. Other than plaintiffs' contention that Lapadu made certain representations to a third party, plaintiffs have not stated the time, place, or manner of any alleged misrepresentations defendants made to plaintiffs. Accordingly, plaintiffs' contention that Lapadu was aware that plaintiffs would rely on her appraisal report in making an informed decision is conclusory and without support.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Michelle Lapadu's motion for judgment on the pleadings (Doc. #32) be GRANTED.

DATED July 30, 2010.

James C. Mahan
_____
UNITED STATES DISTRICT JUDGE